UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**ERIC C. DOUGLAS**                                                                  **PLAINTIFF**

v.                                            **CIVIL ACTION NO. 5:23-CV-P97-JHM**

**STEVEN WILLIAMS** *et al.*                                        **DEFENDANTS**

### MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. The matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

**I.**

Plaintiff Eric C. Douglas is incarcerated as a convicted prisoner at Fulton County Detention Center (FCDC). He sues FCDC Jailer Steven Williams in his official-capacity only and the FCDC "Medical Department."

Plaintiff makes the following allegations in the complaint:

Upon my booking date at [FCDC], I brought my medication "Viiybrd," which treats Post Traumatic Stress Disorder and Depression. I had brought this medication from GCDC where they administered the same medication for six (6) months prior. My specialist, Dr. Lerner, Louisville, KY, prescribed me this medication and I had been taking it approximately two years (2) before booking at FCDC. Anna, medical staff, changed my medication from "Viibrd" to Zoloft without my consent. After questioning it and filing numerous grievances, I was told "No pysch doctor is needed" and "we do not give that medication at FCDC."

Also coming into FCDC, I was on the medication "Amtriplyne," 100 mg, which I had been prescribed for Depression. The "Amtriplyne" was taken away as I was accused of "hoarding medication" by a medical assistant "Hannah." This was NOT the case whatsoever. Even in such case, protocol is to "crush" the medication . . . . Despite all my efforts and numerous grievances, to this date, nothing has been done (nor replaced) of this matter. This anti-depressant has not been given back or replaced, although, the "Nurse Practitioner" told me they would consider putting

me back on "Amtriplyne" and/or replacing it. "Anna," a medical staff, not nurse practitioner, made her own decision not to. . . .

This situation(s) has greatly effected my daily life. The medical department has refused any kind of mental health treatment, despite any and all my efforts. . . . I have a long history of mental health "issues" and without the proper treatment, I have terrible effects, worse anxiety, and depression, and find it difficult to cope even with my daily activities.

Plaintiff alleges that these allegations show that Defendants have violated his rights under the Fourteenth Amendment. He further alleges that his "HIPPA" rights have been violated.

As relief, Plaintiff seeks damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89

(2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Court construes Plaintiff's official-capacity claim against FCDC Jailer Steven Williams and his claims against the FCDC medical department[1] as against Fulton County. *See*, *e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (*Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)) ("Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'"); *Warner v. Greene Cnty. Jail Staff*, No. 3:19-cv-00095, 2019 U.S. Dist. LEXIS 73479, at *2-3, (S.D. Ohio May 1, 2019) (holding that county jail staff and medical department staff are arms of the county and not a "person" subject to suit under § 1983); *Payne v. Hamilton Cnty. Jail Sheriff's Staff*, No. 1:16-CV-426-JRG-SKL, 2016 U.S. Dist. LEXIS 153867, at *4 (E.D. Tenn. Nov. 7, 2016) (holding that a

---

[1] To the extent that Fulton County contracts with a private entity to provide medical services to inmates, the Court's analysis would be the same. The Sixth Circuit has held that the same analysis that applies to § 1983 claims brought against municipalities applies to entities contracted to provide medical services to inmates. *See, e.g.*, *Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (recognizing that a "*Monell* custom or policy claim" can be brought under § 1983 against a private corporation that provides medical care to inmates); *see also Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) (applying *Monell*'s municipal liability standard to the private corporation that had been contracted to operate a jail) (citing *Street v. Corr. Corp. of Am.*, 102 F. 3d. 810, 814 (6th Cir. 1996)).

county jail sheriff's staff and medical staff are subdivisions of the sheriff's department and therefore are not legal entities subject to suit under § 1983).

When a § 1983 claim is made against a municipality such as Fulton County, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, Plaintiff alleges that his constitutional rights were violated because he was denied treatment for his mental health needs. Although Plaintiff asserts that these claims are brought under the Fourteenth Amendment, it is the Eighth Amendment which applies to Plaintiff's claims since he is a convicted prisoner. *See, e.g.*, *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018). An Eighth Amendment medical care claim has two components: objective and subjective. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component "requires that the inmate have a sufficiently serious medical need such that she is incarcerated under conditions posing a substantial risk of serious harm." *Ford v. County of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008) (citation and internal quotation marks omitted).[2] To satisfy the subjective component, a plaintiff must show that officials had a "sufficiently culpable state of mind," namely "deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834 (citations and internal quotation

---

[2] For purposes of this review, the Court assumes that Plaintiff's mental health diagnoses constitute sufficiently serious medical needs to satisfy the objective component of an Eighth Amendment claim.

marks omitted). Deliberate indifference "entails something more than mere negligence." *Farmer*, 511 U.S. at 835. "Acting or failing to act 'with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.'" *Id*. at 737-38 (quoting *Farmer*, 511 U.S. at 836). The plaintiff must "allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Phillips v. Roane Cnty.*, 534 F.3d 531, 540 (6th Cir. 2008) (quoting, 273 F.3d 693, 703 (6th Cir. 2001)).

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). As the Supreme Court has explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id*. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017); *Briggs v. Westcomb*, 801 F. App'x 956, 959 (6th Cir. 2020); *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 U.S. App. LEXIS 6617, at *5 (6th Cir. Apr. 4, 1997).

> As recently explained by a sister court in the Sixth Circuit:
>
>> The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 448 (6th Cir. 2014); *Perez v. Oakland Cnty.*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440-41 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). "Where the claimant received treatment for his condition, as here, he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell*, 553 F. App'x at 604-05 (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)). Unlike in a state malpractice action, the claimant must demonstrate that the care he received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 819 (6th Cir. 2005) (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)).

*Flemings v. Davids*, No. 1:23-cv-617, 2023 U.S. Dist. LEXIS 147490, at *16-17 (W.D. Mich. Aug. 22, 2023).

Although Plaintiff is no longer receiving the two medications for his mental health diagnoses that he was prescribed prior to his incarceration at FCDC, his allegations show that he is receiving another medication for these conditions and that he has been seen by various medical providers at FCDC. Since Plaintiff's Eighth Amendment claim is based upon a disagreement with the course of treatment being provided, it fails to state a claim upon which relief may be granted. *See Darrah*, 865 F.3d at 372; *Briggs*, 801 F. App'x at 959; *Mitchell*, 553 F. App'x at 605. Because the Court finds that Plaintiff has failed to state a constitutional violation, the first prong of a municipal liability claim, the Court need not address the second prong, whether Fulton County is liable for any constitutional violation.

As to Plaintiff's claim under the Health Insurance Portability and Accountability Act (HIPAA), although the Sixth Circuit has not decided this issue, other circuit courts have concluded that there is no private right of action under HIPPA. *Thomas v. Univ. of Tenn. Health Sci. Ctr.*, No. 17-5708, 2017 U.S. App. LEXIS 24714, at *4 (6th Cir. Dec, 7, 2017) (citing *Bradley v. Pfizer, Inc.*, 440 F. App'x 805, 809 (11th Cir. 2011); *Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011); *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010); *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010); *Miller v. Nichols*, 586 F.3d 53, 59-60 (1st Cir. 2009); *Webb v. Smart Document Solutions*, LLC, 499 F.3d 1078, 1081 (9th Cir. 2007); *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006) (per curiam)). For this reason, the Court will dismiss Plaintiff's HIPAA claim for failure to state a claim upon which relief may be granted.

### IV.

The Court will dismiss this action by separate Order for the reasons set forth herein.

Date: October 20, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.011